THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| SHAHEED K. HAMZA, ) | 4:06CV3001 |
| ) | |
| Plaintiff, ) | |
| ) | **MEMORANDUM** |
| vs. ) | **AND ORDER** |
| ) | |
| NEBRASKA DEPARTMENT OF ) | |
| CORRECTIONAL SERVICES, ) | |
| et al., ) | |
| ) | |
| Defendants. ) | |

This matter comes on for consideration of Plaintiff's motion for temporary restraining order and/or preliminary injunction (filing 29).[1] Plaintiff's motion requests that he be transferred to another correctional facility and placed in the general population for a litany of reasons. Specifically, Plaintiff claims the defendants have allegedly (a) "sabotaged" Plaintiff's law-library visits by losing his legal documents, creating delays in photocopying documents for him, and sending him to an inadequately staffed and supplied library; (b) ignored "death threats" he has received based on "race, prejudice"; (c) denied him employment and housing; (d) "dirtied" his file with "any type of assault . . . [e]ven where none exist"; (e) created a "negative perpetual buzz" about him regarding sexual assaults of other prisoners "which is absolutely untrue"; (f) placed him in the segregation unit for "staff assault" when there are no medical records supporting an injury to staff; (g) denied him "meaningful medical treatment" after the Lincoln Heart Institute performed tests which resulted in "normal" findings; and (h) retaliated against Plaintiff for filing this lawsuit by grabbing and shoving him and restricting his shower time. (Filings 29, 30, 46.)

The factors to be weighed in deciding whether to grant or deny preliminary

---

[1] The court apologizes to Plaintiff for its delay in resolving his motion.

injunctive relief are:

> (1) the threat of irreparable harm to the movant; (2) the state of balance between this harm and the injury that granting the injunction will inflict on other parties litigant; (3) the probability that movant will succeed on the merits; and (4) the public interest.

Dataphase Systems, Inc. v. C L Systems, Inc., 640 F.2d 109, 114 (8th Cir. 1981).

Plaintiff's motion seeks relief in the form of transfer to another correctional facility and placement in the general population at that facility. Because an inmate has no constitutional right to assignment to any particular prison or to placement in the general prison population, there is no probability that Plaintiff will succeed on the merits. Thus, Plaintiff's motion for a temporary restraining order or preliminary injunctive relief must be denied. Freitas v. Ault, 109 F.3d 1335, 1337 (8th Cir. 1997) ("there is no liberty interest in assignment to any particular prison"); White v. Nix, 7 F.3d 120, 121 (8th Cir. 1993) (inmate has no constitutional right to remain in general prison population); Clark v. Browers, 2005 WL 1926088, at *3 (E.D. Mo. Aug. 10, 2005) (inmate's motion for temporary restraining order or preliminary injunction that did not seek to enjoin any illegal act of defendants, but instead requested transfer to another correctional facility, denied because "plaintiff does not have a right to be held in the institution of his choosing"). See also Beltran v. Smith, 458 U.S. 1303, 1305 (1982) (in case where federal inmate objected to prison transfer because he felt safer and more secure at current institution, court denied inmate's application for emergency stay while appeal from denial of motion for preliminary injunctive relief was pending in court of appeals because "[t]he Attorney General has authority to transfer [the inmate] from one facility to another in his discretion."); Rouse v. Benson, 193 F.3d 936, 940 (8th Cir. 1999) ("'Prison authorities have a great deal of discretion in running their institutions, and such discretion normally outweighs any interest that any individual prisoner may have in remaining housed in a particular prison.'") (quoting Sanders v. St. Louis County, 724 F.2d 665, 668 (8th Cir. 1983)).

Accordingly,

IT IS ORDERED that Plaintiff's motion for temporary restraining order and/or preliminary injunction (filing 29) is denied.

June 7, 2007.

BY THE COURT:
s/ *Richard G. Kopf*
United States District Judge