IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| SHAHEED K. HAMZA, | ) | 4:06CV3001 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| NEBRASKA DEPARTMENT OF CORRECTIONAL SERVICES, et al., | ) ) ) | **MEMORANDUM AND ORDER** |
| | ) | |
| Defendants. | ) | |

    This matter is before the court on Plaintiff's three Motions for Reconsideration. (Filing Nos. 59, 60, and 61.) All three motions challenge the court's August 31, 2007 Memorandum and Order and Judgment dismissing Plaintiff's claims. (Filing Nos. 57 and 58.) The court's order dismissed Plaintiff's claims against the Defendants in their individual capacities pursuant to Federal Rule of Civil Procedure 4(m) for failure to serve process. Further, the order dismissed Plaintiff's remaining claims as barred by the Eleventh Amendment and as moot. Specifically, the court stated that the Plaintiff's claims were moot because Plaintiff was transferred from Tecumseh State Correctional Institution ("TSCI") to the Nebraska State Penitentiary. Therefore, all of Plaintiff's claims against Defendants were for alleged *past* violations of federal law occurring at a correctional institution which no longer housed Plaintiff. (*See* Filing No. 57.)

    In Filing Nos. 59 and 60, Plaintiff requests that the court reconsider its Memorandum and Order and Judgment dismissing this case, arguing that his claims were not moot because he was only temporarily transferred to the Nebraska State Penitentiary. Plaintiff argued that there was a chance that he could be housed at TSCI at a later date. The court's records show that on December 18, 2007, Plaintiff was in fact transferred back to TSCI. On January 16, 2008, Plaintiff filed a third Motion for

Reconsideration asking this court to reconsider its August 31, 2007 rulings, arguing that since his return to TSCI he has reentered the general prison population and the conditions described in his Complaint are ongoing.

The court will construe Plaintiff's third Motion for Reconsideration (filing no. 61) as a Request for Relief from Judgment under Federal Rule of Civil Procedure 60(b)(6). Rule 60(b)(6) requires that a party file a motion for relief "within a reasonable time." Plaintiff filed his Motion for Reconsideration within a month of notifying the court of his transfer back to TSCI. Therefore, the court finds that Plaintiff's January 16, 2008 Motion for Reconsideration is timely. Accordingly, because Plaintiff was returned to TSCI, and the alleged conditions in his Complaint are ongoing, this court will grant Plaintiff's January 16, 2008 Motion for Reconsideration.[1] However, Plaintiff's motion only requested reconsideration of the claims that were dismissed as moot. Therefore, the portions of the court's August 31, 2007 Memorandum and Order that dismissed the claims against the Defendants in their individual capacities pursuant to Federal Rule of Civil Procedure 4(m), and the claims against Defendants for monetary relief, remain in effect.

IT IS THEREFORE ORDERED that:

1. Plaintiff's Motions for Reconsideration filed on September 13, 2007 (filing no. 59 & 60) are denied.

2. Plaintiff's Motion for Reconsideration filed on January 16, 2008 (filing no. 61) is granted as set forth in this memorandum and order.

---

[1] The mere prospect of returning to TSCI at some future time is not a sufficient basis to trigger relief under Federal Rule of Civil Procedure 60. Therefore, Plaintiff's two Motions for Reconsideration filed *prior* to his transfer back to TSCI in December 2007 must be denied.

     3.    The Clerk of the court is directed to reopen this matter in accordance with this memorandum and order.

     4.    The court will enter a separate order progressing this case.

January 30, 2008.                 BY THE COURT:

                                         *s/Richard G. Kopf*
                                         United States District Judge