IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| SHAHEED K. HAMZA, | ) | |
| | ) | |
| Plaintiff, | ) | 4:06CV3001 |
| | ) | |
| v. | ) | |
| | ) | |
| NEBRASKA DEPARTMENT OF CORRECTIONAL SERVICES, et al., | ) ) ) | **MEMORANDUM AND ORDER** |
| | ) | |
| Defendants. | ) | |

This matter is before the court on Plaintiff's Motion for Reconsideration. (Filing No. 66.) In his motion, Plaintiff asks the court to reconsider its January 30, 2008 Memorandum and Order granting Plaintiff's previous Motion for Reconsideration. (Filing No. 64.) In the January 30, 2008 Memorandum and Order, the court granted Plaintiff's Motion for Reconsideration of filing no. 57, which dismissed Plaintiff's claims as moot. However, in the January 30, 2008 Memorandum and Order, the court noted that the dismissal of Defendants in their individual capacity pursuant to Federal Rule of Civil Procedure 4(m) and dismissing the claims against Defendants for monetary relief remained in effect.[1] It appears that it is this portion of the January 30, 2008 Memorandum and Order that Plaintiff is now asking the court to reconsider.

Plaintiff states that the court should reconsider its January 30, 2008 Memorandum and Order because he was improperly advised by the paralegals at his

---

[1] It is of note that in Plaintiff's previous Motion for Reconsideration he did not ask the court to reconsider either the court's dismissal of Defendants in their individual capacity pursuant to Federal Rule of Civil Procedure 4(m) or the dismissal of the claims against Defendants for monetary relief.

Institution on how to serve Defendants in their individual capacities. Plaintiff states that the paralegals advised him that he could serve Defendants in their individual capacities by serving Defendants at the Attorney General's office. As with Plaintiff's previous Motion for Reconsideration, the court will construe this Motion for Reconsideration as a Request for Relief from Judgment or Order under Federal Rule of Civil Procedure 60(b)(6).[2]

In a Memorandum and Order filed by this court on October 31, 2006, the court granted Plaintiff's Motion for Additional Summons and 285 Forms to serve Defendants in their individual capacities. (Filing No. 24.) In that same Memorandum and Order, the court informed Plaintiff that:

> [I]n their individual capacity, only one defendant may appear on a summons, and a government employee is served in his or her individual capacity, at an address such as home or present place of employment, wherever the defendant can personally be found and will accept service of process himself or herself or through a person authorized to receive summons on his or her behalf.

(*See* Filing No. 24 at CM/ECF p. 2.) Thus, because Plaintiff was instructed on the proper method for serving Defendants in their individual capacities over a year before his case was dismissed for failure to properly effect service of process, Plaintiff's Motion for Reconsideration is denied.

IT IS THEREFORE ORDERED that Plaintiff's Motion for Reconsideration (filing no. 66) is denied.

---

[2]Plaintiff appears to be bringing the Motion as a Motion for Relief from Judgment or Order based on newly discovered evidence under Rule 60(b)(2), but because the Plaintiff has not set forth any newly discovered evidence, the motion appears to be more akin to a Motion for Relief from Judgment or Order under Rule 60(b)(6).

February 27, 2008.　　　　　　　BY THE COURT:

　　　　　　　　　　　　　　　　*s/Richard G. Kopf*
　　　　　　　　　　　　　　　　United States District Judge